**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 17-3178

—————

ANTON PURISIMA,
                                                  Appellant

v.

CITY OF PHILADELPHIA; MICHAEL JOSEPH MORRISSEY;
AMTRAK POLICE DEPARTMENT (APD); DOES 1-1.3 BILLION;
AMTRAK CORPORATION; RICHARD ANDERSON, President & CEO;
CHARLES W. MOORMAN, IV, CEO & President; AMTRAK RAIL CORPORATION

—————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-05628)
District Judge:  Honorable Legrome D. Davis

—————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2018
Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  September 21, 2018)

—————

OPINION[*]

—————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Anton Purisima appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e) for failure to comply with Federal Rule of Civil Procedure 8(a). We will affirm.

In November 2016, Anton Purisima filed a complaint pursuant to "Title II of the Civil Rights Act Violations, 42 U.S.C. Sections 2000(a), (b), (c), (6(a)), (6(b)); Civil Rights Act of 1964 – violations (13 pages); ADA Violations; Corrupt Practices Acts; Elderly Abuse Acts; Discrimination of National-Origin; [and] Pattern of Practice of Discrimination in Public Accommodations," against the City of Philadelphia, Michael Joseph Morrissey, Amtrak Police Department and John "Does 1-1.3 billion." Compl. at 2. By way of facts, Purisima stated only that the cause of action occurred at 30th Street Station and listed docket numbers for six other actions that he has apparently filed in other District Courts. He also attached over 140 pages of exhibits with no explanation as to how they apply.

The District Court dismissed Purisima's complaint pursuant to 28 U.S.C. § 1915(e) for failure to comply with Federal Rule of Civil Procedure 8(a), with leave to file an amended complaint in 30 days. The District Court further instructed Purisima that he must include: "(1) the specific statutory basis for federal court jurisdiction over this case; (2) the specific events which serve as the basis for his claims, and the dates on which these event took place; (3) how each of the defendants, named in the caption of the complaint, is involved in his claims; (4) the harm he suffered, if any, from each violation." Dist. Court's Nov. 8, 2016 Order.

2

Purisima filed an amended complaint substantially similar to his original complaint, but named several additional defendants, including the People's Republic of China and Amtrak Railway. The District Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e) for failure to comply with Rule 8(a), with leave to file an amended complaint in 30 days, in which he was not permitted to "attempt to litigate claims that he has raised in other cases that he filed in any other Federal Court." Dist. Court's May 10, 2017 Order. The District Court again provided Purisima with clear directions as to what must be included in a proper complaint.

Purisima then filed a second amended complaint, substantially similar to his first two complaints, stating that his "second amended complaint is related to every civil case" that he filed. Second Amend. Compl. at 3. Purisima also alleged that the action is "very complex," "evidence in this case will be produced during discovery," and that he will supplement the second amended complaint as soon as possible due to an "emergency situation." Id. By order entered on September 5, 2017, the District Court dismissed Purisima's second amended complaint as he had again failed to comply with the filing requirements of Rule 8(a). Purisima filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We generally exercise plenary review over a dismissal under 28 U.S.C. § 1915(e)(2)(B). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, "[w]e review the district court's decision to dismiss claims under Rule 8 for an abuse of discretion." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

3

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The allegations in the complaint, however, must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

Even after taking into account Purisima's status as a pro se litigant, we agree with the District Court that he failed to comply with the basic pleading requirements of Rule 8(a). While he provides a list of federal statutes, the second amended complaint fails to put forth any facts whatsoever to support his claims, omitting, for instance, the specific events and dates which serve as the basis for each claim, how each defendant was involved, the basis for relief, or the District Court's jurisdiction in this matter. Purisima's pleadings neither provided defendants notice of the claims against them, see id., nor permitted the District Court to conduct a proper review of his case under § 1915(e)(2)(B). Moreover, by dismissing the complaints with leave to amend on two occasions, and providing Purisima with clear directions as to what must be included in a proper complaint, the District Court furnished Purisima with multiple opportunities to comply with Rule 8. Accordingly, the District Court did not abuse its discretion by dismissing Purisima's second amended complaint.

For the foregoing reasons, we will affirm the District Court's judgment. To the extent that Purisima's appellate brief presents additional requests for relief, they are denied.